82,067-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 26 2015

AbelAcosta,Clerk

Marco A. Chairez
Reg. No: 24939-076
Federal Correctional Institution
P.O. Box 4200
Three Rivers, Texas 78071

Cause No. CR-1258-03-G(1)

Ex parte                                    :         In The   Texas Criminal Court of Appeals
                                            :
Marco Antonio Chairez,                      :                  WR-82,067-02
                                            :
Applicant                                   :         Capitol Station,Austin, Texas
                                            :
                        Applicant's Reply To The
                          370th District Court's
                       Findings of Fact, Conclusion
                     of Law, Recommendation and Order


To The Honorable Judge Of Said Court:

        Comes Now, the Applicant, Marco Antonio Chairez, appearing without the

benefit of counsel, and files his reply to the 370th Judicial District Court's

Findings of Facts Conclusion of Law, Recommendation and Order in reference to his

Application for a Writ Of Habeas Corpus, Seeking Relief From Final Felony

Conviction Under Code Of Criminal Procedure, Article 11.07 and would show that,

pursuant to the Supreme Court's decision in Strickland v. Washington, 466 us.668,

104 s.ct.2052,80 l.ed.2d 674 (1984), counsel was ineffective and a hearing is

necessary in this matter; and that, in fact the Application for Writ of Hebeas

Corpus should be granterd.



                            Procedural History

        On April 17, 2014, Applicant filed his first application for Writ of Habeas Corpus

under the Texas Code of Criminal Procedure, Article 11.07. In October 8, 2014

the Texas Court of Criminal Appeals dismissed the application based on a discharged

sentence. (WR-82,067-01). On February 18, 2015, Applicant filed his second

application for a Writ of Habeas Corpus under the Texas Code of Criminal Procedure,

-1-

Article 11.07. On September 8, 2015 the 370th District Court's Honorable Judge Noe Gonzalez recommended that the application for a writ of Habeas Corpus be denied, and ordered the clerk of the court to send certify copies of all fillings relating to this application for Writ of Habeas Corpus, including the State's response and all supplements and amendments there to; and the District Court's Findings of Facts, Conclusion of Law, Recommendation and Order; and to send to the Texas Court of Criminal Appeals. Applicant hereby submits his reply to the 370th District Court's Finding of Fact, Conclusion of Law, Recommendation and Order.

## Memorandum of Law, Points, and Facts

The Six Amendment guarantees that in all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defrence. U.S Const. Amend. 6. The right of effective assistance of counsel is guaranteed by the Six Amendment to the United States Constitution. See Mcmann v. Richardson, 379 U.S. 759, 770-71.90 s.ct. 144,25 L.ed. 2d 763 (1970). This Constitution guarantee attaches to both retained and appointed counsel.

In accordance with Strickland v. Washington, 466 U.S. 668,104 S. Ct. 2052, 80 L.ed. 2d 674 (1984), Applicant's counsel Jose Reyna representation was ineffective for failure to investigate Exculpatory Witness Steven Puentes, who under penalty of perjury pursuant to 28 U.S.C. § 1746 filed a notarized affidavit in the District Court exonerating the Applicant of any blame in the alleged assault that took place in January, 21, 2002. See Bryant v. Scott, 28 F.3d 1411, 1420 (Fifth Cir. 1994) (stating that "counsel has a duty to investigate all witnesses who allegedly possessed knowledge concerning the defendant's guilt or innocence.") Given the fact that Steven Puente has exonerated Marco Chairez of any blame in connection with the incident that occurred on January 21, 2002, it cannot

-2-

possibly be said with "fair assurance" that the Applicant Marco Chairez would have agreed to entertain a plea bargain, as opposed to going to trail, had his attorney interviewed Steven Puente and informed him that Steven Puente "was available and willing to testify" as to Mr. Chairez innocence. Nor can it be said with "fair assurance" that had a trial jury heard Steven Puente's confession it would have found the Applicant Marco Chairez guilty of assault. Without being redundant, "it is more likely than not that no reasonable juror would have found the Applicant guilty beyond a reasonable doubt", in light of Steven Puente's confession. Moreover, having this conviction for an alleged assault in Applicant's current Federal Prison File, has enhanced his offender status level to a "Career Offender" and is preventing him from being eligible from receiving any "Time Relief" in reference to his current Federal Prison Sentence. Accordingly, because counsel's deficient performance has resulted in the conviction of one who is actually innocent, Applicant Marco Chairez was denied his Six Amendment right to to the effective assistance of counsel, and relief is therefore appropriate in this instance.

Wherefore, based on the foregoing reasons, Applicant respectfully prays that this **Honorable Court** grant his request for Coram Nobis relief. Specifically, Applicant requests that his conviction be vacated, the expired sentence be set aside, and the charge of assault; Texas Penal Code § 22.01, be dismissed via judgement of acquittal. GOD BLESS YOU.

Respectfully submitted,

s/

Marco Antonio Chairez

-3-

## Certificate Of Service

A true and correct copy of the forgoing response to the 370th District Court's
Findings of Fact, Conclusion of Law, Recommendation and Order was filed
this 20th day of Oct., 2015, by placing the same in the United States Mail,
prepaid postage, using first class stamps, and certified for delivery to ;


Laura Hinojosa
Hidalgo County District Clerk
Post Office Box 87
Edinburg Texas 78539



District Attorney's Office
100 n. Closner St. 1st Fl.
Edingburg, Texas 78540

s/ Marc A. Chairez

Marco A. Chairez (24939-076)